# EXHIBIT A:
# PLAINTIFF'S COMPLAINT
# PART 1

SEP 15 2017

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br><br>Plaintiff: Susan Harvey, an individual, and Charles Blanchard Jr, an individual.<br><br>Defendant: National Credit Systems Inc, a Georgia corporation, GREP Southwest, LLC, a Delaware limited liability company | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Adam J. O'Rourke CO#43637<br>O'Rourke Law Firm, LLC<br>155 Madison Street Suite 200<br>Denver, CO 80206<br>P: 720-204-4681<br>F: 303-265-9266<br>Adamorourke1@OBLS.biz | Case Number:<br><br>Division: Courtroom: |

**SUMMONS**

**To the Defendant named above: National Credit Systems, Inc.**

You are summoned and required to file with the clerk of this court an answer or other response to the attached complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice to you. A copy of the plaintiff's complaint is also served with this summons, which you may answer.

DATE: September 5, 2017

O'Rourke Law Firm, LLC
*Original pleading bearing original signature maintained in the offices of O'Rourke Law Firm, LLC, as required by C.R.C.P. 121, § 1-26(9)*
*/s/ Adam J. O'Rourke*
Adam J. O'Rourke, #43637

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK**: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br><br>Plaintiff: Susan Harvey, an individual, and Charles Blanchard Jr, an individual.<br><br>Defendant: National Credit Systems Inc, a Georgia corporation, GREP Southwest, LLC, a Delaware limited liability company | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Adam J. O'Rourke CO#43637<br>O'Rourke Law Firm, LLC<br>155 Madison Street Suite 200<br>Denver, CO 80206<br>P: 720-204-4681<br>F: 303-265-9266<br>Adamorourke1@OBLS.biz | Case Number:<br><br>Division: Courtroom: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

☐ The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

☐ A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

☐C.R.C.P. 16.1 does not apply to this case.

**3.** ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: September 5, 2017

/s/Adam J. O'Rourke
Adam J. O'Rourke, #43637

| DISTRICT COURT, ADAMS COUNTY,<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br><br>Plaintiff: Susan Harvey, an individual, and Charles Blanchard Jr, an individual.<br><br>Defendant: National Credit Systems Inc, a Georgia corporation, GREP Southwest, LLC, a Delaware limited liability company | ▲COURT USE ONLY▲ |
|---|---|
| Attorney for Plaintiff:<br>Adam J. O'Rourke CO#43637<br>O'Rourke Law Firm, LLC<br>155 Madison Street Suite 200<br>Denver, CO 80206<br>P: 720-204-4681<br>F: 303-265-9266<br>Adamorourke1@OBLS.biz | Case Number:<br><br>Division: Courtroom: |

**COMPLAINT**

Plaintiffs, by and through counsel, brings this action alleging as follows:

## I. VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to FDCPA §1692k(d), FCRA §1681p, CFDCPA §12-14-111, and 28 U.S.C. §1331.

2. Venue is proper in this District because all of the acts and transactions occurred here, Defendants transact substantial business here, and Defendants are registered in this State.

## II. PARTIES

3. The Plaintiffs are natural persons and both reside in the State of Colorado.

4. Defendant National Credit Systems, Inc. ("NCS") is a Georgia corporation that acts as a debt collector, as defined by 15 U.S.C. §1692a, C.R.S. §12-14-103(2) and (7), because it

regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, and is a furnisher of credit information for reporting under 15 U.S.C. §1681e(d)(1)(A). Defendant is a debt collector that is licensed with the State of Colorado, License #989064, and is registered with the Colorado Secretary of State. (Exhibit 1 – Certificate of Good Standing).

5. Defendant GREP Southwest, LLC dba Greystar Real Estate Partners, a Delaware limited liability company, ("Greystar") manages real estate properties and in the process collects current and past due rent payments and other charges thereby acting as a debt collector, as defined by 15 U.S.C. §1692a, C.R.S. §12-14-103 (2) and (7), because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, and is a furnisher of credit information for reporting under 15 U.S.C. §1681e(d)(1)(A). It is not a Licensed Debt Collector, but is registered with the State of Colorado (Exhibit 2 - Certificate of Good Standing).

6. Defendants, separately, attempted to collect from Plaintiffs.

## III. <u>GENERAL FACTS AND ALLEGATIONS</u>

7. Defendants attempted to collect an allegedly delinquent consumer debt related to an apartment lease (Exhibit 3 - the "Lease") between Plaintiffs and Bel Thornton I LLC and BEL Thornton II LLC (the "Landlord").

8. According to Defendants, Plaintiffs incurred an alleged debt related to the Lease. The Lease is owned by Landlord, but operated by Greystar.

9. Plaintiffs, being natural personal and allegedly obligated to pay the Debt, are consumers as that term is defined in 15 U.S.C §1692a(3), C.R.S. §12-14-103(4) and 15 U.S.C

§1692a(3). Plaintiffs are individuals and unmarried. Because this debt was for housing the Plaintiffs and their families the Debt is a "debt" as defined by 15 U.S.C. §1692a(5), C.R.S. §12-14-103(6), and Furnisher Information under 15 U.S.C. §1681e(d)(1)(A).

10. Plaintiffs moved into the apartment at 2525 E. 104th Avenue, Unit 727, Denver, CO 80233 ("Property") and then moved out at the beginning of November 2016.

11. On November 8, 2016, Greystar sent an Email (Exhibit 4 - The "Email") purporting to include a Final Accounting (the "Debt") for Plaintiffs having lived on the Property.

12. Greystar attempted to collect the Debt in the Email. The Email is a communication with Plaintiffs as defined in FDCPA §1692a(2) and C.R.S. §12-14-103(3). The Email conveyed information regarding the alleged Debt. Plaintiffs are not liable for the Debt.

13. The Email also states in part: "Please refer to the above listed charges and remit payment or contact our office to make payment arrangements. If your departure is not due to an early termination as a result of abandonment or eviction, you will have 30-days to remit payment or your account will be turned over to our collection agency. Please feel free to contact our office with any questions at (303) 474-8040."

14. Plaintiffs disputed and requested validation of the Debt prior to December 2, 2016. Greystar did not validate the debt, investigate the nature of completeness or accuracy of the information prior to forwarding the information for reporting to credit bureaus as required by 15 U.S.C. § 1681s-2(b), or report the information as "disputed" as required by 15 U.S.C. § 1681s-

2(b)(a)(3). In fact Greystar forwarded the debt days after the Email was sent to Plaintiffs, not providing the 30 days as indicated in the Email.

15. Plaintiffs' requests for verification and validation were not frivolous or irrelevant.

16. Greystar hired NCS to collect the Debt. Greystar directed, authorized or ratified all actions taken by NCS.

17. On December 21, 2016, NCS sent a Letter purporting to collect the alleged fees and charges in the Email. (Exhibit 5 - The "Letter").

18. The Letter was a communication as defined in 15 U.S.C. §1692a(2) and C.R.S. §12-14-103(3). The Letter conveyed information regarding the alleged debt and to an extent, a possible creditor – "CHAMPIONS PARK APTS / GREYSTAR / 727, a file number and an account balance." The Letter also states in part:

19. We regret that you have failed to make suitable arrangements concerning the above reference obligation. . . You may be able to avoid adverse credit reporting entirely if we can work out a reasonable arrangements . . . we urge you to contact our office before this debt is placed on your credit record and to avoid other collection remedies available under the law.

20. Both the Email and Letter fail to include the requirements of an initial communication found in 15 U.S.C. §1692g, C.R.S. §12-14-109(1) and included false and misleading representations of 15 U.S.C. §1692e and C.R.S. §12-14-107. The required initial communication information was not received within 5 days.

21. Plaintiffs disputed the Letter and requested validation of the Debt on January 30, 2017. Greystar did not validate the debt, investigate the nature of completeness or accuracy of the information prior to forwarding the information for reporting to credit bureaus as required by 15 U.S.C. §1681s-2(b), or report the information as "disputed" as required by 15 U.S.C. §1681s-2(b)(a)(3).

22. Greystar and NCS should have, based on Plaintiffs' disputes indicated above, investigated the disputed Debt but negligently or intentionally failed to do so.15 U.S.C. § 1681s-2(b)(2).

23. The action of avoiding the request for validation and dispute of the debt may have been willful intent to injure as may be discovered against either Defendant.

24. C.R.S. §12-14-107(1)(i) , along with 15 U.S.C. §1681s-2(b)(a)(3), requires that when communicating with any person about a disputed debt, including credit reporting agencies, the debt collector must inform those agencies that the debt is disputed. *Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d at 781. To Plaintiffs knowledge, neither Greystar nor NCS has informed those agencies that the Debt is disputed.

25. Plaintiffs received a letter, dated February 15, 2017, with a revised Debt amount. (Exhibit 6 – the "VERIFICATION").

26. In December 2016, Defendants disclosed an electronically signed Lease (Exhibit 7 - the "Fraudulent Lease"). In form it was same as the Lease. However, key details have been modified to benefit the Defendants. It was admitted by Defendant Greystar's counsel that

personnel of Greystar had forged Plaintiff Harvey's signature on the Fraudulent Lease and that doing this is the normal business practices of Greystar. (Exhibit 8 - Email from Counsel). Plaintiffs had not and have not agreed to the terms of the Fraudulent Lease or the execution of any lease by electronic means.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unfair Debt Collection Practices - All Defendants)

**A. DEFENDANTS CAUSED ACTUAL DAMAGES TO THE PLAINTIFFS.**

26. On December 13, 2016, the alleged Debt was reported to the credit bureaus and is not marked as disputed.

27. The unfair reporting to the credit bureaus has caused personal humiliation, embarrassment, mental anguish, or emotional distress as it has affected their ability to obtain debt financing and other credit related services.

**B. DEFENDANTS STATUTORILY VIOLATED THE FFDCPA and CFDCPA.**

28. 15 U.S.C. §1692g(a) and C.R.S. §12-14-109(1), substantially require the same validation of the debt. They require that within five days after the initial communication with a consumer . . . unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

> the amount of the debt; **(2)** the name of the creditor to whom the debt is owed; **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

> by the debt collector; **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Neither Defendant provided this information within five days of the initial communication.

30. The Initial communications - the Email and Letter - do not include this information.

31. 15 U.S.C. §1692g(b) and C.R.S. §12-14-109(2) require that if the consumer disputes or requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt until verification is provided by creditor to the consumer.

32. In no form of communication has either Defendant provided this information. After the initial Letter, NCS has sent three additional letters. None of which provide such information required of initial communications or in validation.

*1. Defendants Fail to Name the Current Creditor or Names an Incorrect Current Creditor.*

33. The Email violated 15 U.S.C. §1692g(a)(2) when it failed to effectively state the name of the current creditor. It correctly states the apartment complex but fails to state what entity is collecting the Debt. Its signature line, which is unsigned, states "Management" and the

email address "no-reply@realpage.com" is non-descript. Nowhere else does it state a name of a creditor or the original creditor. It provides no identity or contact information.

34. The Letter is also unclear as to who is owed the Debt. It names CHAMPIONS PARK APTS / GREYSTAR / 727 as current creditor. It again identifies the apartment complex, but it provides no identifying information or contact information regarding the Landlord, who is the real original and current creditor. Greystar, who has provided no authority or assignment of the debt and is only managing agent for the Landlord. "Greystar" is not the official name of the managing agent and therefore does not correctly name who we have identified as Greystar in this pleading. In spite of initial confusion we are able to conclude that "Greystar" is Defendant Greystar. The least sophisticated individual would not be able to discover the true name of Greystar.

35. It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed, see, *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); see also, 15 U.S.C. § 1692g(b). Because the information was not provided, it could not be effectively conveyed.

36. Plaintiffs, let alone an unsophisticated consumer, were and would be confused by Defendant's failure to convey the statutory information.

*2. The Email and Letter do not contain a 30-day assumption of validity statements and do not provide a 30-day debt dispute and verification statements.*

37. The Email and Letter contain conflicting deadlines that further cloud the Plaintiffs' understanding of their legal rights.

38. The Email requires Plaintiffs to remit payment within 30 days. "[Y]ou will have 30-days to remit payment or your account will be turned over to our collection agency." Email, page 2. It says nothing regarding the assumption of validity or the right to dispute and request validation of the debt. By not including this information, the Email attempts to remove this right in its entirety. The least sophisticated person would likely believe the only option is to pay within 30 days. According to this statement, a dispute letter within 30 days would not stop Greystar from sending the Debt to NCS.

39. The Email goes on to state that "If your departure is not due to an early termination as a result of abandonment or eviction, you will have 30-days to remit payment." Plaintiffs indicate that abandonment or eviction did not occur but a disputed Early Termination Fee was included in the Debt. This caused them confusion as to whether they were given the 30 days to pay, on top of being confused whether they had 30 days for dispute and validation. Defendant Greystar violated this 30 day notice by forwarding the claim to NCS days after sending the Email.

40. The Letter also violates the 30 day requirements by not indicating that any exists. The Letter does not include any statement that resembles this required language for either the FFCDPA or CFDCPA. NCS violated the 30 day notice requirement by reporting to the credit bureau prior to sending the Letter.

*3. The Email and Letter include Requirement not required by the FFDCPA and CFDCPA regarding Disputed Debt.*

41. The Email is deceptive as it requires payment and makes payment the only form of response to the initial communication - Payment or "turned over to our collection agency."

42. The Email also states that "you will have 30-days to remit payment or your account will be turned over to our collection agency." Email, page 2. A debt collector must provide 30 days for 15 U.S.C. § 1692e validation. The least sophisticated consumer would believe that he or she would not have 30 days to dispute but must make sure disputes earlier than the 30th day.

43. It is also unclear what is "our collection agency." To anyone, not only the least sophisticate person, this could mean a debt collector, as defined in 15 U.S.C. § 1692a(6), a collections attorney, or a subsidiary or affiliate of the writer of the Email. The Email is unsigned, unnamed, and non-descript as to whom is supplying the information. "Our" could refer to the Landlord, Greystar, or another third-party who sent the Email on behalf of Greystar. An unsophisticated person would not know who he or she is dealing with.

44. The Letter states "we regret that you have failed to make suitable arrangements concerning the above referenced obligation", inferring that payment under the Email had not been made. Dispute or requests for validation are not considered here.

45. "We are processing this account for placement on your credit history with all three national credit bureaus. If so reported, your ability to obtain credit, rent, or secure favorable interest rates may be affected for seven years from the date of delinquency." Both "failed to

make suitable arrangements" and "your ability to obtain credit, rent, or secure favorable interests rates may be affected" purport that the Plaintiffs had already missed the opportunity to dispute the Debt, and that the only way to avoid "adverse credit reporting entirely" was to "work out a reasonable arrangement".

46. To avoid "adverse credit reporting" is false and misleading because the Debt was reported to the bureaus on or about December 13, 2017, one week prior to the drafting of the Letter. In that regard, it was impossible to avoid credit reporting in any form.

47. To "work out a reasonable arrangement" is also false and misleading as it can easily be inferred that payment is the only method by which a debt may be relieved.

*4. The Email failed to include the C.R.S. 12-14-105(3)(c) and (e) required statements regarding initial communications under the CFDCPA.*

48. The Email failed to include the following language: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE [CURRENT AG WEBSITE].

49. The Email also failed to include the following language: "A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt."

**C. FFDCPA AND CFDCPA ALLOW FOR THE COLLECTION OF REASONABLE ATTORNEYS FEES AND COSTS.**

50. FDCPA § 1692k(a)(3) and C.R.S. 12-14-113(c), summarily, state that any successful

party to any action to enforce such liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**SECOND CLAIM FOR RELIEF**
(Deceit Based on Fraud – Defendant Greystar)

51. Upon information and belief, Defendants gave false information to Plaintiff or omitted material information in order to defraud Plaintiff.

52. Defendants gave the information to Plaintiffs with the intent or knowledge that Plaintiffs would act in reliance on the information.

53. Plaintiffs relied on the information supplied by Defendants.

54. Reliance on the information supplied by the Defendants caused damages to be proven at trial, including interest, attorney fees, and costs.

**THIRD CLAIM FOR RELIEF**
(Conversion – Defendant Greystar)

55. Defendant committed an unauthorized act of ownership over the Plaintiffs based on the terms of the Fraudulent Lease.

56. Defendant had the right to have possession of the Lease. However, it was in Defendant's possession solely for the benefit of Plaintiffs.

57. Defendant did not have the authority to use the Fraudulent Lease for any purpose as it was Fraudulent.

58. Defendant received all the benefits of the Fraudulent Lease by falsely reporting the alleged debt to a collection agency it knew would report the debt.

59. Defendant has demanded that Plaintiff accept such false reporting and Fraudulent Lease as the valid terms of the Lease. They are not.

60. Plaintiff has incurred damages by this conversion.

## FOURTH CLAIM FOR RELIEF
(Obtaining Signatures by Deception – Defendant Greystar)

61. C.R.S 13-21-122 provides for a private civil right of action against the perpetrator who commits a crime, regardless of a criminal conviction and for the recovery of actual and punitive damages, and attorney fees and costs.

62. Defendant intended to acquire a benefit from the Fraudulent Lease.

63. Defendants knowingly created the Fraudulent Lease for the Landlords.

64. Plaintiffs were damaged by the actions of the Defendant.

## FIFTH CLAIM FOR RELIEF
(Civil Conspiracy – All Defendants)

65. Upon information and belief, all Defendants agreed, by words or conduct, to unlawfully hinder, delay, or defraud Plaintiff.

66. Upon information and belief, Defendants took one or more lawful or unlawful acts to accomplish this unlawful goal of hindering, delaying, or defrauding Plaintiff.

## SIXTH CLAIM FOR RELIEF
(Public Policy – All Defendants)

67. The acts underlying all claims herein stated are against the public policy of the State of Colorado.

## SEVENTH CLAIM FOR RELIEF
(Identity Theft – Defendant Greystar)

70. C.R.S 13-21-122 provides for a private civil right of action against the perpetrator who commits a crime, regardless of a criminal conviction and for the recovery of actual and punative damages, and attorney fees and costs.

71. Defendants knowingly used the personal identifying information, financial identifying information, or financial device of another without permission or lawful authority with the intent to obtain cash, credit, property, services, or any other thing of value or to make a financial payment by the creation of the Promissory Note.

72. Defendants knowingly possessed the personal identifying information, financial identifying information, or financial device of another without permission or lawful authority, with the intent to use the Promissory Note to aid or permit some other person to use such information or device to obtain cash, credit, property, services, or any other thing of value or to make a financial payment.

**EIGHTH CLAIM FOR RELIEF**
(Civil Theft – All Defendants)

73. C.R.S 13-21-122 provides for a private civil right of action against the perpetrator who commits a crime, regardless of a criminal conviction and for the recovery of actual and punative damages, and attorney fees and costs.

74. Defendants knowingly obtained possession of the Fraudulent Lease knowing it had been obtain by such manner.

75. Defendants intended to deprive Plaintiffs by harming their credit scores and ability to obtain future housing by reporting the debt.

76. Defendants knowingly used and concealed the Fraudulent Lease as it was undisclosed until requested by the Plaintiff after termination of the Lease.

77. Defendant gained the Additional Value for themselves and deprived the Plaintiffs.

## V. DECLARATION

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against each Defendant as follows:

**(1)** Actual damages;
**(2)** Statutory and punitive damages;
**(3)** Costs;
**(4)** Reasonable attorney fees;
**(5)** Cancellation or Rescission of the Lease;
**(6)** Willful intent to injure the Plaintiffs, as discovered;
**(7)** Reckless disregard for the falsity of the information; and
**(8)** Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs' demands trial by jury.

Dated: September 5, 2017

/s/ *Adam J. O'Rourke*
Adam J. O'Rourke CO#43637
O'Rourke Law Firm, LLC
155 Madison Street Suite 200
Denver, CO 80206
P: 303-848-2907
E: adamorourke1@OBLS.biz
Attorney for Plaintiffs